IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES E. WILLIAMS,

    Plaintiff,

v.                                CASE NO. 1:15-cv-134-MW-GRJ

DORIS MARIE WRIGHT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's pro se complaint, and motion for leave to proceed as a pauper. (Docs. 1, 2.) The Court has reviewed the financial affidavit and finds that Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a) and therefore leave to proceed *in forma pauperis* is due to be granted. After review of Plaintiff's complaint, the undersigned recommends that this case be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## Allegations of the Complaint

Plaintiff alleges that on June 11, 2015, there was a meeting at a park with the Chief of Police and citizens of High Springs, Florida. At the meeting, Defendant Doris Marie Wright "made an open statement to the Chief of Police" that there was illegal activity going on at an address that Plaintiff owns and spends time. Plaintiff now brings suit against Defendant Wright for slander, and requests $200,000 in damages.

## Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. *Boyington v. Geo Group, Inc.*, 2009 WL 3157642 (M.D. Fla.), *citing Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C § 1915(e)(2). The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts v. Florida International University*, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. *Twombly*, at 1965. In reviewing the complaint, this Court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

## Discussion

As an initial matter, it appears that this Court lacks jurisdiction to consider Plaintiff's claims. The Court does not have federal question jurisdiction under 28 U.S.C. § 1331 simply because Plaintiff used the Court's complaint form. Plaintiff sues for

slander, a common-law tort. Therefore, this Court must have diversity jurisdiction in order to hear Plaintiff's claims. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity of citizenship between the parties is required in order for a federal court to have diversity jurisdiction over an action. *See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant."). Because Plaintiff and Defendant are citizens of Florida, the Court does not and cannot have diversity jurisdiction over the state law claims and, accordingly, the complaint is due to be dismissed on these grounds.

Plaintiff's complaint is also due to be dismissed for failure to state a claim. Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

In order to state a claim for libel or slander under Florida law, a plaintiff must demonstrate: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a third party; and 4) the plaintiff suffered damages as a result of the publication. *Fortson v. Colangelo*, 434 F .Supp.2d 1369, 1378 (S.D. Fla 2006). While Plaintiff alleges that Defendant slandered him, he has not explicitly alleged that Defendant's statement that illegal activity was going on at his address was false. Plaintiff has also failed to allege that the statement was about him or his activities – rather, according to Plaintiff's

allegations, Defendant simply stated that there was illegal activity going on at a certain address that Plaintiff owns. Furthermore, Plaintiff has not stated a claim for slander because he has not alleged that he suffered any damages as a result of Defendant Wright's statement. Accordingly, even if this Court had jurisdiction over Plaintiff's complaint, it would be due to be dismissed for failure to state a claim. While the Court ordinarily would give a *pro se* Plaintiff an opportunity to further amend his complaint, the Court declines to do so her because any amendment would be futile.

## Conclusion

Accordingly, it is hereby **ORDERED** that the motion for leave to proceed as a pauper, Doc. 2, is **GRANTED** for the limited purpose of screening and dismissing this case.

And it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2)(B)(I).

**IN CHAMBERS** this 9th day of July, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

*Case No: 1:15-cv-134-MW-GRJ*